LEE JORDAN V. THE STATE.

No. 18207.    Delivered April 15, 1936.
Rehearing Denied May 27, 1936.

The opinion states the case.

*A. L. Lowery,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for robbery; punishment, twenty years in the penitentiary.

The record is here without bills of exception. We find no brief on file for the accused. Curtis Butler, the party alleged to have been robbed, testified that on the night in question appellant came to his room, drew a pistol upon him, and demanded and took from him sixty-five dollars, without his consent and because he was put in fear. Appellant denied the assault and robbery, and introduced some witnesses whose testimony seemed to indicate another party as guilty. Conflicts in testimony are for settlement by the jury. They seem to have accepted the State's testimony and theory of the case. There being testimony in the record to support their finding, we are without power to disturb the judgment.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In a motion for rehearing appellant calls in question the sufficiency of the evidence to support the conviction. The evidence is direct and definite to the effect that Curtis Butler, some time after he had retired for the night, was called upon by the appellant and at the

point of a pistol was commanded by the appellant to surrender to him sixty-five dollars in money. Jim Burleson, an alleged confederate of the appellant, was nearby at the time the money was delivered. According to the testimony, after the robbery the appellant and Burleson left in an automobile which was parked nearby at the time of the commission of the offense. The alleged injured party promptly reported the robbery to an officer. Butler testified that he had come to San Augustine in company with others for the purpose of getting some counterfeit money. Upon his arrival he was introduced to Burleson, who said that the money could not be delivered until nighttime. The officers at San Augustine declined to act upon the report of Butler that he had been robbed, but upon his report of it to the officers at Nacogdoches the matter was taken up by them. Appellant was definitely identified by Butler as the man who had robbed him.

Appellant testified to an alibi and introduced his wife to corroborate him upon that point.

No legal questions are presented. The truth of the conflicting statements of fact is a question purely for the solution of the jury. Their verdict, upon a proper charge, was approved by the trial judge. We find nothing in the record upon which this court would be justified in disturbing the verdict.

The motion is overruled.

*Overruled.*